**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

FRANCISCO PORTILLO SARAVIA
c/o 519 H Street NW
Washington, DC 20001

    Plaintiff,

v.

YUAN PROFIT, INC.
d/b/a NEW BIG WONG
610 H Street NW
Washington, DC 20001

JUN LING XU
12013 Eaglewood Court
Silver Spring, MD 20902

OSCAR XU
811 4th Street NW, Unit 903
Washington, DC 20001

    Defendants.

Civil Action No. _____

# COMPLAINT

1. While Plaintiff worked at Defendants' Chinese restaurant, Defendants paid him a flat semimonthly salary that denied him minimum and overtime wages.

2. Plaintiff brings this action to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

**Jurisdiction and Venue**

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because all Defendants reside in this district, or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

**Parties**

5. Plaintiff Francisco Portillo Saravia is an adult resident of the District of Columbia.

6. Defendant Yuan Profit, Inc. is a District of Columbia corporate entity. It does business as New Big Wong. Its principal place of business is located at 610 H Street NW, Washington, DC 20001. Its registered agent for service of process is Stanley W. Banks, Jr., 1310 9th Street NW, Washington, DC 20001.

7. Defendant Jun Ling Xu is an adult resident of Maryland. He resides at 12013 Eaglewood Court, Silver Spring, MD 20902. He is an owner and officer of Defendant Yuan Profit, Inc. He exercises control over the operations of Yuan Profit, Inc. — including its pay practices.

8. Defendant Oscar Xu is an adult resident of the District of Columbia. He resides at 811 4th Street NW, Unit 903, Washington, DC 20001. He is a manager at New Big Wong. He exercises control over the operations of Yuan Profit, Inc. — including its pay practices.

**Factual Allegations**

9. Defendants own and operate the restaurant New Big Wong, located at 610 H Street NW, Washington, DC 20001.

10. Plaintiff worked at New Big Wong from approximately October 16, 2007 through approximately January 3, 2020.

11. Plaintiff worked at New Big Wong as a kitchen laborer.

12. Plaintiff's job duties at New Big Wong primarily consisted of cutting, cleaning and seasoning meats, washing and cutting vegetables, washing dishes, and cleaning the kitchen.

13. Plaintiff typically and customarily worked six to seven days per week.

14. Plaintiff typically and customarily worked seventy-one hours per week.

15. At all relevant times, Defendants paid Plaintiff a semimonthly salary.

16. Defendants paid Plaintiff approximately the following semimonthly salaries:

| Approximate Dates | Semimonthly Salary | Effective Hourly Rate |
|---|---|---|
| Jan. 01, 2017–Mar. 31, 2017 | $1,150.00 | $7.48 |
| Apr. 01, 2017–Jan. 31, 2018 | $1,275.00 | $8.29 |
| Feb. 01, 2018–Jan. 03, 2020 | $1,300.00 | $8.45 |

17. From approximately January 1, 2017 through approximately January 31, 2018, Defendants paid Plaintiff by check and in cash. Each month: Defendants made one semimonthly payment with a check, and the other semimonthly payment in cash.

18. Starting on approximately February 1, 2018, Defendants paid Plaintiff only in cash.

19. At all relevant times, Plaintiff worked more than forty hours per workweek for Defendants.

20. Defendants paid Plaintiff the same effective hourly rate across all hours worked.

21. Defendants did not pay Plaintiff overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

22. In addition to not paying overtime wages, Defendants did not pay Plaintiff the applicable D.C. minimum wage.

23. D. C. law required that employers pay non-exempt employees at least $11.50 per hour from July 1, 2016 through June 30, 2017, $12.50 per hour from July 1, 2017 through June 30, 2018, $13.25 per hour from July 1, 2018 through June 30, 2019, and $14.00 per hour from July 1, 2019 through the present. D.C. Code § 32-1003(a).

24. For his work since January 1, 2017, Defendants owe him approximately $78,532.64 in minimum and overtime wages (excluding liquidated damages).

25. Defendants Jun Ling Xu played set Plaintiff's rate of pay.

26. Defendants Jun Ling Xu and Oscar Xu set Plaintiff's work schedule.

27. Defendants Jun Ling Xu and Oscar Xu supervised Plaintiff's work.

28. Upon information and belief, Defendants Jun Ling Xu and Oscar Xu signed Plaintiff's paychecks.

29. Defendants Jun Ling Xu and Oscar Xu tendered Plaintiff his cash payments.

30. At all relevant times, Defendants had the power to hire and fire Plaintiff.

31. At all relevant times, Defendants had the power to control Plaintiff's work schedule.

32. At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

33. At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

34. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of forty hours in any one workweek.

35. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff the applicable D.C. minimum wage.

36. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to him.

37. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

38. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

39. At all relevant times, Defendants had employees who handled food products, such as rice, that had been grown outside of the District of Columbia.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

40. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

41. Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

42. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

43. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

44. Defendants' violations of the FLSA were willful.

45. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

46. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

47. Each defendant was an "employer" of Plaintiff within the meaning of the DCMWA. D.C. Code § 32-1002(3).

48. The DCMWA requires that employers pay non-exempt employees at least $11.50 per hour from July 1, 2016 through June 30, 2017, $12.50 per hour from July 1, 2017 through June

30, 2018, $13.25 per hour from July 1, 2018 through June 30, 2019, and $14.00 per hour from July 1, 2019 through the present. D.C. Code § 32-1003(a).

49. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

50. Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to Plaintiff.

51. Defendants violated the DCMWA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

52. Defendants' violations of the DCMWA were willful.

53. For Defendants' violations of the DCMWA, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an amount equal to three times the unpaid minimum and overtime wages as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

54. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

55. Each defendant was an "employer" of Plaintiff within the meaning of the DCWPCL. D.C. Code § 32-1301(1B).

56. The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

6

57.     The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).318

58.     For purposes of the DCWPCL, "wages" include, among other things, minimum and overtime wages. D.C Code § 32-1301(3).

59.     Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiff all wages due, including minimum and overtime wages.

60.     Defendants' violations of the DCWPCL were willful.

61.     For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court. *See Martinez v. Asian 328, LLC*, 220 F. Supp. 3d 117, 123 (D.D.C. 2016) ("[T]he liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages *in addition to* the actual damages in the form of unpaid wages.")

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$318,903.85**, and grant the following relief:

    a.     Award Plaintiff $314,130.55, consisting of the following overlapping elements:

        i.     unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

      ii.      unpaid D.C. minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

      iii.      unpaid D.C. wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b.    Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

c.    Award Plaintiff attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $4,373.30);

d.    Award Plaintiff court costs (currently, $400.00); and

e.    Award any additional relief the Court deems just.

Date: January 28, 2020                                        Respectfully submitted,

/s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #986001
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*