UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FRANCISCO PORTILLO SARAVIA,

*Plaintiff*,

v.

YUAN PROFIT, INC., *et al.*,

*Defendants*.

Civil Action No. 20-232 (RDM)

## MEMORANDUM OPINION

On August 1, 2022, Plaintiff Francisco Portillo Saravia moved for a default judgment against all the Defendants in this action: Yuan Profit Inc. ("Yuan Profit"), Jun Ling Xu, Oscar Xu, and Rui Yu. Dkt. 35. The Court granted the motion in part, entering default against Rui Yu and awarding Saravia damages in the amount of $314,131.76. Dkt. 36. But as to the remaining three Defendants, Yuan Profit, Ling Xu and Oscar Xu, the Court denied the motion without prejudice. In so deciding, the Court noted that Yuan Profit, Ling Xu and Oscar Xu's conduct in the litigation "ha[d] been entirely unacceptable" due to those Defendants' near total failure to respond Saravia's discovery requests, comply with the Court's orders, or otherwise appear before the Court. The Court was unable to take any action against the other three Defendants, however, because Saravia's motion for default judgment had failed properly to seek such relief. *Id*. at 14.

Now before the Court is Saravia's second motion for default judgment against Yuan Profit, Ling Xu and Oscar Xu. Dkt. 38. He once again asks this Court to "enter judgment against Defendants Yuan Profit, Jun Ling Xu, and Oscar Yu, jointly and severally, in the . . . amount [of] $314,131.76," *id.* at 6, but this time cures the defects of his prior motion. For the reasons that follow, the Court **GRANTS** Saravia's motion for default judgment against

Defendants Yuan Profit, Ling Xu and Oscar Xu, and awards Saravia the damages award he requests.

Although "strong policies favor resolution of disputes on their merits," *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980), default judgements are appropriate "when the adversary process has been halted because of an essentially unresponsive party," *Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005). To that end, the D.C. Circuit has "set forth three basic justifications that support the use of dismissal or default judgment as a sanction for misconduct." *Webb v. District of Columbia*, 146 F.3d 964, 971 (D.C. Cir. 1998). The first such justification is when "the errant party's behavior has severely hampered the other party's ability to present his case" to such an extent that it "would be unfair to require him to proceed further in the case." *Id.* The second occurs when "the party's misconduct has put an intolerable burden on a district court by requiring the court to modify its own docket and operations in order to accommodate the delay." *Id.* Finally, a default judgment is appropriate "to sanction conduct that is disrespectful to the court and to deter similar misconduct in the future." *Id.* As Saravia argues, all three justifications are present here.

The Court will not recount in detail each and every failure by Defendants Yuan Profit, Ling Xu and Oscar Xu to respond to the Court's many orders. Those events are described in the Court's prior opinion ruling on Saravia's first motion for default. *See* Dkt. 36 at 2–5. It suffices to say that these three defendants have not provided *any* discovery responses to Saravia throughout the course of this four-year litigation, despite numerous discovery requests from Saravia and several Court orders compelling discovery responses. *See, e.g.*, Dkt. 25; Dkt. 33. As a consequence of these defendants' failure to participate in any way, Saravia has been prejudiced in his ability to present his case. *See, e.g., Carazani v. Zegarra*, 972 F. Supp. 2d 1, 14

2

(D.D.C. 2013) ("Without responding to the plaintiff's discovery requests or basic attempts at communication, the defendant has severely hampered the plaintiff's ability to present her case."). The Court has also been required to issue multiple orders seeking to compel the Defendants to respond to Saravia, to no avail, placing a burden on the Court, drawing out the litigation, and ultimately frustrating the ends of justice. *Id.* ("[T]he defendant's defiance of Court Orders and discovery obligations has prolonged this case and has placed a significant burden on the Court."). Finally, default judgment is warranted here to show that recalcitrant behavior like that of the Defendants has consequences: a defendant cannot avoid a negative judgment simply by ignoring the judicial process. Accordingly, the Court finds that the *Webb* standards have been met and enters default judgment against Yuan Profit, Ling Xu and Oscar Xu.

As for damages, the Court's prior opinion and order discussed the damages calculation in detail, *see* Dkt. 36 at 8–13, and in so doing found that "[t]he very same liability calculations would apply as to Yuan Profit, Jun Ling Xu, and Oscar Xu, were the Court to grant a default judgment against them," *id.* at 14. Accordingly, the Court concludes that Saravia is entitled to collect from Defendants Yuan Profit, Jun Ling Xu, and Oscar Xu $314,131.76, an amount equaling his unpaid wages plus liquidated damages equal to three times that amount. *Id.* at 13.[1]

---

[1] In its prior opinion and order, the Court noted that Saravia was required to explain why Oscar Xu qualifies an as an employer under both District of Columbia and Federal law. *See* Dkt. 36 at 15 n.15. To determine whether an individual is an employee for these purposes, courts apply an "economic reality test" in which the court considers "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Orellana v. NBSB Inc.*, 332 F. Supp. 3d 252, 263 (D.D.C. 2018). Saravia explains that Oscar Xu controlled his work schedule, supervised his work, and had the power to fire him and determine how much he would be paid. *See* Dkt. 38 at 5–6. The Court thus finds that Saravia has provided a sufficient explanation for why Oscar Xu was his employer.

      For these reasons, it is **ORDERED** that Plaintiff's motion for default judgment, Dkt. 38, is **GRANTED** as to Defendants Yuan Profit, Inc., Jun Ling Xu, and Oscar Xu.

    **SO ORDERED**.

/s/ Randolph D. Moss  
RANDOLPH D. MOSS  
United States District Judge

Date:  February 21, 2024